UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONEL FARR,

Plaintiff,

-vs-                                                    Case No.  6:07-cv-829-Orl-28KRS

MANAGEINN, INC., K. J. NANA,

Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| MOTION: | MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 20) |
| FILED: | December 3, 2007 |

I.      PROCEDURAL HISTORY.

      On May 17, 2007, Plaintiff Ronel Farr filed a complaint against Manageinn, Inc. (Manageinn)

and K.J. Nana alleging violations of the overtime wage provisions of the Fair Labor Standards Act

(FLSA), 29 U.S.C. § 201, *et seq*.  Doc. No. 1.

      The complaint was served on each of the defendants.  Doc. Nos. 4, 5.  Nana filed a response

to the complaint, which the Court interpreted as an answer only on behalf of Nana individually.  The

Court cautioned Manageinn that failure timely to file a response to the complaint through counsel of

record could result in the entry of a default against it.  Doc. No. 10.  Despite the Court's warning, Manageinn did not file an answer.  Thereafter, at Farr's request, the Clerk of Court entered a default against Manageinn.  Doc. No. 15.

On July 20, 2007, the Court entered a Scheduling Order requiring Nana to file a Verified Summary of all hours worked by Plaintiff no later than 15 days after Farr filed answers to the Court's Interrogatories.  Doc. No. 12.  Farr filed his answers to the Court's Interrogatories on August 6, 2007, doc. no. 13; Nana never filed the Verified Summary.  The Court then entered an Order requiring Nana to show cause why sanctions should not be imposed for failing to file the Verified Summary.  Doc. No. 16.  Another Order to Show Cause was issued requiring Nana to show cause why sanctions should not be imposed, including the striking of Nana's answer and entry of default, for failing to comply with the Court's orders.  Doc. No. 17.  When Nana did not respond to either of these orders, the Court struck Nana's answer and instructed the Clerk of Court to enter a default against Nana, which the Clerk did on November 20, 2007.  Doc. Nos. 18, 19.

Thereafter, Farr filed the present motion for default judgment against Manageinn and Nana. Doc. No. 20.  In support of his motion, Farr filed Plaintiff's Attorneys Fee Affidavit by Charles Scalise (Scalise Aff.) and a Time Sheet of work performed by Farr's counsel (Time Sheet).  Doc. No. 20-2. The defendants have not responded to the motion as of the time of writing this Report, and the time for doing so has passed.

## II.    APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held

to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id*.

**III.    ANALYSIS.**

A.    *Allegations of the Complaint*.

Between sometime in January through February 23, 2007, Farr was employed by Manageinn and Nana as a maintenance worker at the defendants' motel located in Kissimmee, Florida.  Doc. No. 1 ¶ 4.  Manageinn is an employer as defined by the FLSA, and Farr was engaged in commerce as defined by the FLSA.  *Id*. ¶¶ 5, 6, 7.  Nana acted directly or indirectly in the interest of Manageinn and was substantially in control of the terms and conditions of Farr's work.  *Id*. ¶ 8.

Farr alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed."  *Id*. ¶ 9.  This violation was willful.  *Id*.

B.      *Liability*.

1.      <u>FLSA Overtime Compensation Claim</u>.

To prevail on a claim for payment of overtime under the FLSA, Farr must establish the

following:

First, that he was employed by Defendants during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed
by an enterprise engaged in commerce or in the production of goods for commerce;

Third, that Defendants failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Manageinn admits that it employed Farr during the relevant

time period.  It admits that it was an employer and was required to comply with the FLSA.  It also

admits that it failed to pay overtime compensation as required by the FLSA.  This is sufficient to

establish that Manageinn is liable to pay Farr the overtime compensation he is owed for his work.

2.      <u>Joint and Several Liability</u>.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest

of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).  "'The overwhelming weight of

authority is that a corporate officer with operational control of a corporation's covered enterprise is

an employer along with the corporation, jointly and severally liable under the FLSA for unpaid

[overtime] wages.'"  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v.

Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be

involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Nana admits that he was substantially in control of the terms and conditions of Farr's work. Accordingly, Nana is jointly and severally liable with Manageinn for overtime compensation due under the FLSA but unpaid.

     C.    *Damages*.

     1.    <u>Overtime Compensation</u>.

Under the FLSA, Farr is entitled to be paid one and one-half times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Farr has the burden of proving the amount of damages to be awarded.

When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact

performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

In Farr's sworn answers to the Court's Interrogatories, he avers that he was paid $7.50 per hour for his work for the defendants.  He attests that he worked 8 weeks from January 2007 through February 2007, during which time he worked 65 hours each week.  Doc. No. 13 at 3.  He was paid for forty hours per week, but he avers that he received no compensation for the 25 hours of overtime worked each week.  Accordingly, he seeks compensation at the overtime rate, one and one-half times his regular rate of pay, for all hours worked in excess of forty hours per work week.  *Id*.  This amount totals $ 2,250.00.[1]  *Id*.

Because the defendants did not come forward with evidence of the precise amount of work performed by Farr, Farr's sworn answers to the Court's Interrogatories are sufficient to carry his burden of proof regarding the amount of overtime compensation due under the FLSA.

2.    Liquidated Damages.

By defaulting, the defendants admit that they acted willfully in failing to pay Farr the required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. § 216(b); *see also* 29 U.S.C.

_____

[1] The overtime rate is computed a follows: One and one-half the regular hourly rate ($7.50 x 1.5 = $11.25) multiplied by the number of hours worked in excess of forty in each work week (25) multiplied by the number of work weeks in which overtime was worked (8).

§ 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

Accordingly, Manageinn and Nana are liable, jointly and severally, to pay Farr the amount of unpaid

overtime compensation owed to him, $2,250.00, as liquidated damages.

      D.    *Attorney's Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of

the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful

starting point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly

referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman*

*v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Farr seeks an award of $3,797.50 for the services provided by his attorney, Charles Scalise,

in connection with this case. Scalise Aff. ¶ 6. The "'fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v.*

*Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant

must produce satisfactory evidence that the requested rate is within the prevailing market rates and

supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel

should have maintained records to show the time spent on the different claims, and the general subject

matter of the time expenditures ought to be set out with sufficient particularity so that the district court

can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants

must provide "fairly definite information" concerning activities performed by each attorney.  *See*

*Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892

F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the

appropriate hourly rate to be applied to an award of attorney's fees.  *See Scelta v. Delicatessen Support*

*Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.   <u>Hourly Rate</u>.

Scalise avers that he has been licensed to practice law in Florida since 1988 and has over

nineteen years of litigation experience, including eight years of employment law litigation.  Farr seeks

an hourly rate of $300.00 for Scalise's work.  Scalise Aff. ¶ 4.

In support of this rate, Scalise cites three cases in which he asserts that the Court has

previously approved the rate sought in the present action.  *Id.*  The first case, *Mary Coon v. The Palm*

*Motel, Inc.*, Case No. 6:06-cv-47-Orl-28DAB, involved a settlement in which the defendants did not

object to the amount of attorney's fees sought by Attorney Scalise.  No. 6:06-cv-47-Orl-28DAB, doc.

no. 30.  The Court found only that the attorneys' fees sought were not unreasonable.  In *Smith v.*

*Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, the Court specifically noted that

although the $300.00 hourly rate was "far greater than those usually awarded in this District for like

work, a review of the file confirms that this case was particularly complex, involving motions to

dismiss, discovery practice, and protracted settlement and mediation efforts."[2]  Case No. 6:05-cv-

---

[2] Additionally, in *Smith v. Richard's Restoration, Inc.*, while the motion for attorneys' fees
listed the hourly rate at $300.00, the calculations actually used the hourly rate of $250.00, and the

1072-Orl-DAB, doc. no. 61 at 3.  Lastly, in *Armitage v. Dolphin Plumbing, Inc.*, Case No., 6:05-cv-890-Orl-19KRS, the Court awarded Scalise an hourly rate of $300.00 in attorney's fees after the plaintiff prevailed at trial.  Case No., 6:05-cv-890-Orl-19KRS, doc. no. 105 at 5.  Because I find that the present action, unlike *Smith* and *Armitage*, was not particularly complex, *Smith* and *Armitage* are not persuasive here.

In other FLSA cases, this Court has previously determined that a reasonable rate for Scalise's services, considering the Orlando legal market, is $250.00 per hour.  *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D. Fla. Oct.12, 2006).  Accordingly, considering the Orlando legal market, the complexity of the work in the present case, and awards in similar cases, an hourly rate of $250.00 for work performed by Scalise is appropriate in the absence of objection.

Scalise also seeks fees for the work performed by paralegal Claudia Silva at the rate of $95.00 per hour.  He provides no information to support the hourly rate sought by Silva.  Scalise avers that Silva prepared a summons (6/11/2007 0.20 hours) and, apparently, prepared a letter to Farr (6/21/2007 0.30 hours).  This work is not complicated.  Accordingly, I find that $50.00 per hour is reasonable for Silva's work in this case absent other evidence.

2.      Reasonable Number of Hours.

Farr submitted a detailed time statement indicating the work performed by Scalise in this case.  Time Sheet.

_____

Court used the lower amount.  No. 6:05-cv-1072-Orl-DAB, doc. no. 61 at 3 n.2.

-9-

The Time Sheet reflects that Scalise recorded excessive time for reviewing standard documents.  *See* 6/13/2007 0.40 "Receipt and [r]eview of answer"; 6/22/2007 0.30 "Received and reviewed order striking answer"; 7/20/2007 0.30 "Receipt and [r]eview of interested persons order [and] scheduling order"; 10/02/2007 0.20 "Receipt and [r]eview of order to show cause"; 10/02/2007 0.20 "Receipt and [r]eview of order to show cause against K.J. Nana"; 11/19/2007 0.30 "Receipt and [r]eview of order striking defendant's answer".  Accordingly, I recommend that 1.1 hours be deducted for this work.

The lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Charles L. Scalise | $250.00 | 11.4 | $2,850.00 |
| Claudia Silva | $50.00 | 0.50 | $25.00 |
| **TOTAL** | | | $2,875.00 |

3.    Costs.

Farr seeks costs in the amount of $450.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($100.00).  Scalise Aff. ¶ 7.  The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff.  29 U.S.C. § 216(b).  The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  The filing fee and costs of service are permitted under § 1920.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).  Accordingly, Farr is entitled to an award of costs from the defendants in the amount requested.

-10-

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part and

**DENY** in part the Motion for Entry of Default Final Judgment (Doc. No. 20) and enter a default

judgment against the defendants on Farr's claim for violation of the overtime provisions of the

FLSA.  I further recommend that the Court order the defendants, jointly and severally, to pay Farr

damages in the amount of $4,500.00, attorney's fees in the amount of $2,875.00, and costs in the

amount of $450.00.  I further recommend that the Court direct the Clerk of Court to issue a

judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close

the file.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 4, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy